# IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF KANSAS

**UNITED STATES OF AMERICA**

      **Plaintiff,**

**v.**                                          **Case No. 06-20008-JWL**

**MOUSA SIYAM,**

      **Defendant.**

## <u>MEMORANDUM AND ORDER</u>

Defendant Mousa Siyam was convicted on January 22, 2007, of conspiracy to possess with intent to distribute marijuana and possession with intent to distribute marijuana. At the close of the government's evidence in this case, Mr. Siyam's trial counsel moved for judgment of acquittal which the court denied. At the close of all the evidence, Mr. Siyam's trial counsel renewed his motion for judgment of acquittal, which the court also denied. After the guilty verdict was entered, Mr. Siyam's trial counsel did not file a motion for judgment of acquittal or for a new trial within the seven day jurisdictional time frame required by Fed. R. Crim. P. 29(c)(1) and Fed. R. Crim. P. 33(b)(2). This matter is presently before the court on Mr. Siyam's motion for a new trial (doc. 97). In that motion, Mr. Siyam argues that his attorney's failure to file a timely motion for acquittal constitutes newly discovered evidence and thus warrants this court granting his motion for a new trial pursuant to Fed. R. Crim. P. 33(b)(1). The court disagrees, however, and for the reasons explained below, Mr. Siyam's motion is denied.

## I.    Standard

A district court is authorized to grant a motion for a new trial under Federal Rule of Criminal Procedure 33 only "if the interests of justice require one." *United States v. LaValle*, 439 F.3d 670, 700 (10th Cir. 2006)(citing *United States v. Quintanilla*, 193 F.3d 1139, 1146 (10th Cir. 1999)).  To prevail on a motion for a new trial based on newly discovered evidence, a defendant must prove: "(1) the evidence was discovered after trial, (2) the failure to learn of the evidence was not caused by [the defendant's] own lack of diligence; (3) the new evidence is not merely impeaching; (4) the new evidence is material to the principal issues involved; and (5) the new evidence is of such a nature that in a new trial it would probably produce an acquittal." *United States v. Gwathney*, 465 F.3d 1133,  (10th Cir. 2006)(citing *United States v. Sinclair*, 109 F.3d 1527, 1531 (10th Cir. 1997)).  In applying this test, the court recognizes that such a motion is not favorably regarded and should only be granted with great caution. *United States v. McCullough*, 457 F.3d 1150, 1167 (10th Cir. 2006)(citing *United States v. Combs*, 267 F.3d 1167, 1176 (10th Cir. 2001)).

## II.    Analysis

The government relies on *United States v. Hall*, 324 F.3d 720 (D. C. Cir. 2003), in support of its argument that Mr. Siyam's motion must be denied.  In *Hall*, the D.C. Circuit considered an issue substantially the same as that presently before the court, that is, whether trial counsel's failure to timely file a motion for a new trial can constitute "newly discovered evidence" under Fed. R. Crim. P. 33(b)(1).  *Id.* at 722.  There, the court noted that it had previously held that "newly discovered evidence" must have been in existence at the time of trial

to justify a new trial under Rule 33. *Id*. at 723 (citing *United States v. Lafayette*, 983 F.2d 1102, 1105 (D. C. Cir. 1993)). Based on this reasoning, the court opined that, because the "evidence" asserted by Mr. Hall did not occur until after trial, it could not constitute "newly discovered evidence" for purposes of Rule 33. *Id*. Thus, the court ultimately concluded that the district court "committed legal error in granting Hall's motion for a new trial based on conduct that did not occur until after trial." *Id*. at 723-24.[1]

Similarly, in *United States v. Abello-Silva*, the Tenth Circuit evaluated the defendant's motion for a new trial based on newly discovered evidence. 1997 WL 72979 (10th Cir. 1997).[2] Relying on *Lafayette*, the decision primarily relied on by the court in *Hall*, the Tenth Circuit concluded that evidence of dismissals in another criminal action that occurred two or three years after the defendant's trial could not constitute "newly discovered evidence" for purposes of a new trial motion because "they occurred after Mr. Abello's trial and could not have been presented as evidence there." *Id*. at *3 (citing *Lafayette*, 983 F.2d at 1105).

Based on the persuasive authority in *Hall* and the Tenth Circuit's opinion in *Abello-Silva*, the court concludes that Mr. Siyam's motion must fail. Here, as in *Hall*, Mr. Siyam's "evidence"

---

[1]In so holding, the court recognized that some courts, including the Tenth Circuit, have held that ineffective assistance evidence may constitute newly discovered evidence for purposes of a new trial motion so long as the facts relevant to counsel's deficiency were not known to the defendant at the time of trial and thus were truly "newly discovered." *Hall*, 324 F.3d at 722 (citing *United States v. Johnson*, 12 F.3d 1540, 1548 (10th Cir. 1993); *United States v. Kladouris*, 739 F. Supp. 1221, 1225-27 (N.D. Ill. 1990); *United States v. Brown*, 476 F.2d 933, 935 N.11 (D. C. Cir. 1973)). The court distinguished those cases, though, because they involved trial counsel's performance either during trial or pre-trial, not post-trial, as was the situation in *Hall*. *Id*. at 723.

[2]The court cites this unpublished case for its persuasive value on a material issue in this case.

is the discovery that his trial counsel failed to timely file a motion for a new trial.  Thus, because this is an event that occurred after his trial, it cannot constitute "newly discovered evidence" under Rule 33 because it was not in existence at the time of the trial.  *See Hall*, 324 F.3d at 723-24; *Abello-Silva*, 1997 WL 72979, at *3.

Furthermore, the court finds that the Tenth Circuit's opinion in *United States v. Johnson*, 12 F.3d 1540 (10th Cir. 1993) is distinguishable because it involved trial counsel's conduct *during* the trial, not *after* trial, as is the case here.  *Id*. at 1548.  In *Johnson*, the defendant filed a new trial motion based on ineffective assistance of counsel after finding out that his attorney had negligently leaked confidential files during the trial.  *Id*.  The district court denied the motion as untimely because it was not filed within seven days after the verdict.  *Id*.  The Tenth Circuit remanded the case, however, concluding that the district court should have decided the motion on the merits as a motion for a new trial based upon newly discovered evidence because the defendant did not find out about the leaking of the files until after trial.  *Id*.  Nevertheless, the conduct itself occurred during the trial in *Johnson*, not after the trial as is the case here with Mr. Siyam; therefore, *Johnson* is not contrary to the court's finding in this case, particularly in light of *Abello-Silva*.  *See also Hall*, 324 F.3d at 723.[3]

Moreover, the court concludes that Mr. Siyam's motion must also be denied under the five prong test for granting a new trial under Rule 33.  *See Gwathney*, 109 F.3d at 1531.  Mr.

---

[3]The court rejects Mr. Siyam's unsupported argument that circumstances occurring within the seven day jurisdictional window for filing post-trial motions considered as if they had occurred during the trial even though they occurred after the trial.  The point of *Hall* and *Abello-Silva* is that there must be evidence which had it been known could have been used at trial.  That is not the situation here.

Siyam asserts that the first three requirements are met in this case and the government does not dispute that argument.  The government contends, however, that Mr. Siyam has failed to show that the new evidence is material to the principal issues involved and that the new evidence is of such a nature that if presented in a new trial it would probably produce an acquittal.  Because the court agrees with the government  regarding these two requirements, Mr. Siyam's motion is also denied on that basis.

Mr. Siyam cannot satisfy the fourth requirement because he cannot show that his trial counsel's failure to file a timely motion for judgment of acquittal is material to the principal issues involved.  In *United States v. Stevens*, the defendant's trial counsel was disbarred 7 days before trial, a fact the defendant discovered after the trial.  978 F.3d 565, 570 (10th Cir. 1992). The Tenth Circuit denied his motion for a new trial based on this "newly discovered evidence," however, because it was not material to the principal issues involved and accordingly could not satisfy the fourth requirement.  *Id.*  In so holding, the Circuit reasoned that: "[t]he issue involved in Stevens' first trial was not the competence of his lawyer but his involvement in Guzman's attempted jailbreak.  Thus, Jenkins' bar status is not material to the principal issue."  *Id.* Similarly, the principal issue involved in Mr. Siyam's trial was not his lawyer's ability to timely file post trial motions; rather, it was his involvement in the conspiracy and his knowledge of the marijuana in his vehicle.  Thus, Mr. Siyam cannot satisfy the fourth requirement because, regardless of Mr. Siyam's trial counsel's alleged failure, that failure is not relevant to the principal issues in this case. *See id.*

The court also finds that Mr. Siyam cannot satisfy the fifth requirement because he cannot

establish that: "the new evidence is of such a nature that in a new trial it would probably produce an acquittal." *United States v. McCullough*, 457 F.3d 1150, 1167 (10th Cir. 2006)(quoting *United States v. LaVallee*, 439 F.3d 670, 700 (10th Cir. 2006))(further citation omitted).  Here, Mr. Siyam's "newly discovered evidence" is that his trial counsel failed to file a post-conviction motion for judgment of acquittal.  Mr. Siyam has failed to show the court how, if such evidence were presented at a new trial, it would probably produce an acquittal.  As explained above, the evidence has no bearing on the material issues which would be decided at a new trial, that is, whether Mr. Siyam committed the drug crimes.  Thus, the court concludes that there is no indication that the new evidence would probably produce an acquittal in a new trial and Mr. Siyam has failed to establish the fifth requirement necessary to justify granting a new trial.

Most significantly, the court rejects Mr. Siyam's ultimate argument that had his trial counsel timely filed a post-trial motion for judgment of acquittal, it would have resulted in an acquittal.  A motion for judgment of acquittal challenges the sufficiency of the evidence.  *United States v. Urena*, 27 F.3d 1487, 1490 (10th Cir. 1994).  The court must uphold the jury's verdict of guilty if "'any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" *United States v. Haber*, 251 F.3d 881, 887 (10th Cir. 2001) (quoting *United States v. Schluneger*, 184 F.3d 1154, 1158 (10th Cir. 1999)). The court "must ask 'only whether taking the evidence–both direct and circumstantial, together with the reasonable inferences to be drawn therefrom–in the light most favorable to the government, a reasonable jury could find [defendant] guilty beyond a reasonable doubt.' " *United States v. Magleby*, 241 F.3d 1306, 1311 (10th Cir. 2001) (quoting *United States v. Springfield*, 196 F.3d

6

1180, 1184 (10th Cir.1999)).   Further, the Tenth Circuit has emphasized that credibility determinations are "'the exclusive task of the fact trier.'"   *United States v. Bolden*, 23 F. App'x 900, 904 (10th Cir. 2000)(quoting *United States v. Youngpeter*, 986 F.2d 349, 352-53 (10th Cir. 1993)).   *See also United States v. Davis*, 1 F.3d 1014, (10th Cir. 1993)(when evaluating the sufficiency of the evidence, the court "accepts the jury's resolution of conflicting evidence and its assessment of the credibility of witnesses").

The court carefully considered the evidence presented against Mr. Siyam in denying his motions made at trial.   Although the case against Mr. Siyam was not overwhelming, it was considerably stronger than the evidence against his co-defendant and was sufficient for a reasonable jury to have convicted him.   The evidence at trial, viewed in the light most favorable to the government established the following facts.   Mr. Siyam operated a limousine business outside of Atlanta, Georgia.   Sometime in the fall of 2005, Mr. Siyam was hired by an individual who identified himself as Luis to drive from Georgia to Tucson, Arizona, to pick up another individual (subsequently identified as Alfonso Ramirez) and drive him to Columbus, Ohio.   Mr. Siyam contacted a fellow limousine owner, Terrence Bennett, and the pair used Mr. Bennett's stretch Excursion limousine to perform the trip for Luis.[4]   In the early morning hours of December 15, 2005, the limousine was stopped twice in Kansas on I-70 by two different Kansas Highway Patrol Troopers.   During the second stop, the limousine was searched and five large

---

[4]At the close of the government's evidence, the court granted Mr. Bennett's motion for judgment of acquittal, determining that there was not enough evidence from which a jury could find beyond a reasonable doubt that he knew there was marijuana in the limousine.

duffel bags containing over 400 pounds of marijuana were recovered from the rear passenger compartment.

Mr. Ramirez, who was seated in the passenger compartment of the limousine at the time it was stopped, was a co-defendant in this case and he entered into a plea agreement with the government. At trial, Mr. Ramirez testified that he was hired by an individual named Pedro Cuevas to ride in a limousine from Tucson to Ohio and that he knew he was trafficking drugs for Mr. Cuevas. Mr. Ramirez testified that Luis called him on the cell phone given to him by Mr. Cuevas after the first stop and inquired whether everything was okay. Mr. Ramirez also testified that after the first stop by Kansas Highway Patrol Trooper Ranieri, they stopped at a gas station and that Mr. Siyam joked to him about how they had been stopped but that he had told the trooper that Mr. Ramirez was a guitar player for the well-known group Santana who he had picked up in Denver so everything was fine. Mr. Ramirez further testified that the back of the limousine reeked of the smell of marijuana. Mr. Ramirez also testified that Mr. Siyam treated him in a way throughout the trip that the jury could have found was inconsistent with Mr. Siyam believing Mr. Ramirez was a musician with a famous band.

Trooper Ranieri, who had performed the first stop, was told by Mr. Siyam that he was coming from Denver and that he was transporting a guitar player for the band Santana to Columbus. Trooper Phillips, who performed the second stop and eventually discovered the marijuana in the vehicle, also was told by Mr. Siyam that they were coming from Denver and that his passenger was Mr. Lopez, a guitar player for Santana, who he was driving to Columbus. Mr. Siyam also told Trooper Phillips that he did not have any luggage in the back of the limo.

8

In fact, Mr. Siyam did have luggage in the back of the limo.

Significantly, Mr. Siyam himself took the stand at trial and testified in his own defense. Mr. Siyam's defense was that he had no knowledge that there was marijuana in the back of his vehicle.  He testified that he never smelled any marijuana because the partition that separated the driver's compartment from the rear passenger compartment was closed for the entire trip. He also testified that he thought Luis was a music promoter and that he had performed two other trips for Luis, in addition to the one that he was arrested for, where he drove to Tucson from Georgia and then drove what he thought were musicians to Ohio.  He testified that the only time he had been to Tucson or Columbus was to transport customers for Luis in the summer of 2004, June of 2005, and in December of 2005 for the trip that eventually resulted in his arrest.  A receipt was admitted at trial, however, dated February 12, 2005, which was found in his belongings after the arrest, indicating that Mr. Siyam had been in Tucson a fourth time.  In response to the government's questions regarding that receipt, Mr. Siyam said he did not know where it came from.  Another receipt was admitted dated February 14, 2005, two days after the Tucson receipt, indicating that Mr. Siyam had been in Columbus, Ohio.  When asked about that receipt, Mr. Siyam testified that he was coming back from the NBA All Star game, which had been in Los Angeles that year, and that he had gone through Tucson and Columbus on his way home to Georgia from Los Angeles.  The government introduced a United States map into evidence from which the jury could have drawn the inference that Mr. Siyam's explanation for this circuitous route was untrue.  Mr. Siyam also attempted to explain why he told the trooper he had come from Denver when actually he had come from Tucson and before that, Georgia, by

stating that Denver was the place that they had rested.  The last stop taken before he was pulled over, however, was in Goodland, Kansas.

In his motion, Mr. Siyam argues that there was not enough evidence for the jury to find beyond a reasonable doubt that he was aware of the marijuana in the limo and thus, according to him, a timely motion for judgment of acquittal would have been granted.  The issue of Mr. Siyam's knowledge of the marijuana turned almost entirely on the credibility of the witnesses, particularly Mr. Ramirez and Mr. Siyam, a matter exclusively within the province of the jury.  The jury apparently believed Mr. Ramirez's testimony and the court will not disturb that credibility determination.  *See United States v. Farag*, 41 F. App'x 338, 341 (10th Cir. 2002)(rejecting defendant's sufficiency of the evidence argument to the extent it depended upon a witness's lack of credibility).

As for Mr. Siyam, it appears that the jury picked up on the  numerous inconsistencies between his testimony and what he told the troopers, such as his origination point and his luggage, and his mysterious story regarding the February 2005 trip from Los Angeles to Georgia via Tucson and Ohio.  It is apparent from the jury's verdict that they chose to afford Mr. Ramirez's testimony about the smell of the marijuana, the treatment of him and the acknowledgment by Mr. Siyam that he lied to the trooper about the passenger being a member of a band more credibility than Mr. Siyam's testimony.  Again, the court will not disturb this credibility determination made by the jury.  *See United States v. Banks*, 451 F.3d 721, 725-26 (assessing the credibility of witnesses is a task exclusively for the jury).  *See also United States v. Austin*, 231 F.3d 1278, 1283-84 (10th Cir. 2000)(concluding there was sufficient evidence

from which a reasonable jury could find that defendant knew a check he possessed was stolen where jury afforded testimony from other witnesses more credibility than defendant's testimony, noting that credibility determinations were peculiarly within the jury's province); *United States v. Youngpeter*, 986 F.2d 349, 353 ("Once the jury has spoken, this court may not reweigh the credibility of the witnesses.").

Based on the jury's credibility determinations regarding Mr. Siyam's and Mr. Ramirez's testimony, in addition to all reasonable inferences that could be derived from the evidence presented at trial as outlined above, a rational trier of fact could have found that Mr. Siyam knew he was transporting marijuana in the limo. Accordingly, the court concludes there was substantial evidence to support the jury's verdict of guilt beyond a reasonable doubt. Thus, even if Mr. Siyam's trial counsel had filed a timely post-trial motion for judgment of acquittal, it would not have resulted in an acquittal and Mr. Siyam is not entitled to a new trial based on the "newly discovered evidence" regarding his trial counsel's failure to file such a motion.

**IT IS THEREFORE ORDERED BY THE COURT** that defendant's motion for a new trial (doc. #97) is denied.

**IT IS SO ORDERED.**

Dated this 6th day of July, 2007.

s/ John W. Lungstrum
John W. Lungstrum
United States District Judge

11